STATE of Missouri, Respondent,

v.

Jerry Lee BENDICKSON, Appellant.

No. 9437.

Missouri Court of Appeals,
Springfield District.

Aug. 13, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

James A. Dunn, Carthage, for appellant.

PER CURIAM.

Defendant Jerry Lee Bendickson was convicted by a Jasper County jury of first degree robbery. His single claim of error on appeal is in the reception of rebuttal evidence offered by the state.

Defendant, his mistress, and her brother testified they were drinking at a bar when the victim was robbed at his home of $90.-00. Defendant and his "common-law wife" testified as to his arrest for drunkenness the night of the robbery and again two nights later. Their testimony included the posting of two cash bonds.

In the state's rebuttal, the city court clerk testified in more detail concerning the two drunkenness arrests, and the forfeiture of the cash bonds.

There is a serious question as to whether defendant's objection was timely and specific and whether defendant's failure to move to strike the testimony constitutes a waiver. Nevertheless, we have concluded to consider defendant's point.

The scope of rebuttal testimony is largely within the sound discretion of the trial court, and unless the court abuses its discretion, or the defendant's rights are prejudicially affected [as defendant here charges], an appellate court will not reverse on that ground even though the rebuttal testimony may not, strictly speaking be proper rebuttal evidence. State v. Williams, 442 S.W.2d 61, 65 (Mo. banc 1969).

Defendant and his witness introduced the matters which were the subject of the clerk's testimony. The rebuttal tes-

timony was repetitious but more detailed concerning defendant's jailings and releases, including the fact that both bonds were forfeited. The rule found in State v. Odom, 353 S.W.2d 708, 711 (Mo.1962), applies: " 'It is a well settled rule * * * that, where either party introduces part of an act, occurrence, or transaction, * * * the opposing party is entitled to introduce or to inquire into other parts of the whole thereof, in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary, or prove his version with reference thereto. * * * This rule has been held to apply * * * even though the evidence was in the first place illegal * * *.' 22A C.J.S. Criminal Law § 660c, pp. 655, 657, 658."

We do not find an abuse of discretion by the trial court in permitting the clerk's testimony in rebuttal. The defendant has not demonstrated any prejudice by this cumulative evidence and our examination of the record discloses none.

The judgment is affirmed.

All concur.